### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT PADUCAH

**FRED STANLEY**                                                                                                      **PLAINTIFF**

*v.*                                                           **CIVIL ACTION NO. 5:01CV-P129-R**

**TONY HOLLAND** *et al.*                                                                      **DEFENDANTS**

### OPINION AND ORDER

This matter is before the Court on Plaintiff's motion to dismiss the remainder of the filing fee (DN 11). For the reasons that follow, the motion will be denied.

### I.

By Order entered May 10, 2001, the Court granted Plaintiff's application to proceed without prepayment of fees, but as required by statute, *see* 28 U.S.C. § 1915(b), the Court additionally directed him to pay the $150.00 filing fee in full in installments (DN 3). To accomplish the full payment of the fee, the Court directed the penal institution in which Plaintiff was housed to send to the Clerk an initial partial filing fee of $0.17 from Plaintiff's prison trust account and thereafter to send payments from his prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the trust account each time the amount in the account exceeded $10.00 in accordance with 28 U.S.C. § 1915(b)(2). A review of the Court's financial records reveals that Plaintiff has paid $113.13 toward the payment of the $150.00 filing fee in this action, leaving an outstanding balance of $36.87.

In the pending motion to dismiss the $36.87 balance, Plaintiff advises that he receives only $15.00 per month for attending GED classes, and he contends that after 20% is taken from this amount to pay the filing fee in this action, he "does not have enough left to buy the things that are necessary to live in this life of incarceration." He claims that he cannot read or write and only filed

this "frivolous" action on the advice of a legal aide, who told him "that he was in his rights by filing this Civil Action . . . and that he could get him a lot of money."[1]

## II.

Under the Prison Litigation Reform Act ("PLRA"),[2] the obligation to pay the filing fee attaches when a prisoner "brings a civil action." 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). "[T]he subsequent dismissal of the action, even if voluntary, does not negate that obligation." *In re Alea*, 286 F.3d 378, 381 (6th Cir.), *cert. denied*, 537 U.S. 895 (2002) (citing to *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997)). "When an inmate seeks pauper status [as in the present case], the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *McGore v. Wrigglesworth*, 114 F.3d at 604. As mentioned above, Plaintiff was granted the latter option of paying the entire filing fee over a period of time under an installment plan (DN 3).

Although Plaintiff now seeks a waiver of the $36.87 balance, prisoners are "no longer entitled to a waiver of fees and costs." *McGore v. Wrigglesworth*, 114 F.3d at 604. And, Plaintiff's allegation of financial hardship does not invalidate this proscription. To be sure, the Sixth Circuit has commented,

> [T]he fee provisions [under the PLRA] will not result in any real hardship above that faced by the average citizen considering whether to bring a lawsuit. Indeed, when the time for a payment arises under the Act, the amount due from a prisoner is based

---

[1] The instant action was dismissed on initial review by Memorandum Opinion and Order entered September 26, 2001, for failure to state a claim upon which relief could be granted (DNs 6 & 7).

[2] Plaintiff references only Kentucky statutes in his motion. The Kentucky statutes, however, have no applicability in the present case. Rather, the controlling statute is 28 U.S.C. § 1915, the federal *in forma pauperis* statute, on which this Court's discussion will focus.

on a fraction of a prisoner's assets. Moreover, it is important to note that prisoner's are in the custody of the state and have the "essentials of life" provided at government expense.

*Hampton v. Hobbs*, 106 F.3d 1281, 1285 (6th Cir. 1997).

Further, the fact that Plaintiff may have obtained allegedly faulty advice from a legal aide is of no consequence, as Plaintiff is in the very same position as any plaintiff who initiates an action on the advice of another, including an attorney, only to have the action dismissed at a later stage in the litigation process. *Cf. Hampton v. Hobbs*, 106 F.3d at 1288 ("[T]he Act places a burden on prisoners no greater than that felt by the vast majority of other litigants seeking to prosecute a civil action."). Furthermore, by signing the complaint and sending it to the Court for filing, Plaintiff ultimately made the choice to commence the action.

## III.

As Plaintiff's allegations do not relieve him of his obligation to pay the filing fee in full under the installment plan, **IT IS ORDERED** that the motion to dismiss the $36.87 balance of the filing fee is **DENIED**. The prior filing fee Orders (DNs 3 & 10) shall remain in effect, and Plaintiff remains obligated to pay the $150.00 filing fee in full.

Date:

cc:     Plaintiff, *pro se*
4413.005